BERG, APPELLANT, v. BOSTON AND MONTANA CONSOLIDATED COPPER AND SILVER MINING COMPANY, RESPONDENT.

[Submitted April 1, 1892.   Decided April 18, 1892.]

NEGLIGENCE—*Nonsuit.*—In actions for damages for personal injuries occurring through negligence, the question of negligence, if a fairly disputed question of fact, must be resolved by the jury, but if it is perfectly clear from the evidence that there was no negligence, the matter is for the court.

SAME—*Same—Evidence—Injury to employee.*—It appeared in the case at bar that plaintiff was working as a laborer under defendant's foreman in a quarry, and was handling rock thrown down by blasting, but was not engaged in the blasting department of the labor, and was not chargeable with the duty of knowing matters connected therewith; that a fuse was fired to a charge of three kegs of powder, and plaintiff with the foreman and the rest of the crew retired to a place of safety, and after waiting ten or twelve minutes without an explosion the foreman said, "I guess the blast is dead; we might as well turn out and go to work;" that plaintiff after *starting* to return to work was injured by an explosion of the blast. *Held,* that there was sufficient evidence of defendant's negligence to go to the jury, and the granting of a nonsuit was error. (*Kelley v. Cable Co.* 7 Mont. 70, cited.)

*Appeal from Eighth Judicial District, Cascade County.*

Action for damages.   Defendant's motion for a nonsuit was granted by BENTON, J.   Reversed.

*Baum & Bishop,* for Appellant.

The negligence of the foreman was the negligence of the defendant company.   (*Kelley* v. *Cable Co.* 7 Mont. 80.)   The foreman is presumed to have been familiar with the dangers ordinarily accompanying the business, and to have known the length of time within which the blast would naturally explode. (*Smith* v. *Peninsular Car Works,* 60 Mich. 501; 1 Am. St. Rep. 542, and cases cited.)   If the foreman by the use of reasonable care might have known of the danger from the unexploded blast, the liability of the defendant is the same as if he actually had known of it.   (*Kelley* v. *Cable Co.* 7 Mont. 80.) Plaintiff had a right to presume that defendant had done its duty in regard to ascertaining the condition of the blast, and to act upon that presumption in returning to his work in obedience to the orders of defendant's foreman.   (*Kelley* v. *Cable Co.* 7 Mont. 80.)   In reviewing a judgment of nonsuit every fact will be regarded as *established* which the evidence *tends* to prove. (*Gans* v. *Woolfolk,* 2 Mont. 463;  *Dow* v. *Gould & Curry S. M. Co.* 31 Cal. 651.)   Motion for nonsuit is improperly granted where there is *any* evidence *tending* to sustain plaintiff's case (*Higgins* v. *Ragsdale,* 83 Cal. 219): even if the court is satisfied that the plaintiff, upon whose testimony the case turns, is unworthy of credit, as the question of credibility is for the jury.   Motion for nonsuit admits the truth of plaintiff's testimony.   (*Hornsby* v. *South Carolina Ry. Co.* 26 S. C. 187;  *Eaton* v. *Lancaster,* 79 Me. 477;  *Works* v. *Croswell,* Maine, Aug. 7, 1887, 10 Atl. Rep. 494; *Black* v. *City of Lewiston,* Idaho, Feb. 7, 1887, 13 Pac. Rep. 80; *Lingenfelter* v. *Louisville & N. Ry. Co.* Kentucky, May 5, 1887, 4 S. W. Rep. 185;  *Dow* v. *Gould & Curry S. M. Co.* 31 Cal. 651.)   Motion for nonsuit under fifth subdivision of section 242 of the Compiled Statutes, and demurrer to evidence, if not precisely similar, bear a close analogy.   (*Kleinschmidt* v. *McAndrews,* 4 Mont. 34.)   In considering demurrer to evidence the court must accept as *true* all the facts which the evidence

*tends* to prove, together with all such reasonable *inferences* as the jury might draw therefrom. In case there is a conflict in the evidence, only such evidence as is favorable to the party against whom the demurrer is directed can be regarded. (*Palmer* v. *Chicago, St. Louis & P. R. R. Co.* 112 Ind. 250.)

*Cooper & Pigott*, for Respondent.

Plaintiff contends that he had a right to presume that defendant had done its duty in regard to ascertaining the condition of the blast, and to act upon that presumption in returning to his work in obedience to the orders of defendant's foreman. Could the plaintiff presume that defendant had done through its foreman a thing the plaintiff knew it was impossible for the foreman to do? In other words, can the plaintiff presume a thing had been done when he knew of his *own personal knowledge* it had not been done? The affirmative proof on the part of plaintiff makes it impossible that such a presumption could arise under the facts in this case. (See *Indianapolis & St. Louis Ry. Co.* v. *Watson*, 114 Ind. 20; 5 Am. St. Rep. 578.) "The plaintiff, when he entered into the service of the defendant, assumed not only the usual and ordinary risks and perils of the service, but also such other risks as become apparent by ordinary observation." (*Kean* v. *Detroit Copper & Brass Rolling Mills*, 66 Mich. 277; 11 Am. St. Rep. 492, and numerous cases there cited.) Was not the danger encountered by plaintiff in leaving his place of safety and going toward the unexploded blast — under the facts as made by plaintiff in this case — apparent to *ordinary observation?* And even if he obeyed a direct order of the foreman to return to his work the defendant would not be liable. (*Kean* v. *Detroit Copper & Brass Rolling Mills*, 66 Mich. 277, and *Anderson* v. *H. C. Akeley Lumber Co.* 47 Minn. 128.) "Notwithstanding the request in such case made by the foreman, the servant can comply or not as he chooses, and if he does he takes his chances of the perils surrounding the situation." (66 Mich. *supra*.) "An employee assumes the risk when he voluntarily enters into danger, apparent to him, notwithstanding an agent of his employer tells him there is no danger. An agent is not by the law clothed with power to make such representations and bind his

principal to respond in damages if injury results." (*Toomy* v. *Eureka Iron & Steel Works*, 89 Mich. 249; *Railroad Co.* v. *Jones*, 95 U. S. 442; *Union Pac. Ry. Co.* v. *Estes*, 37 Kan. 715; *Indianapolis & St. Louis Ry. Co.* v. *Watson*, 114 Ind. 20; 5 Am. St. Rep. 578.) If plaintiff attempts to show that the negligence of a servant of the defendant is the negligence of the defendant, he must make proof of the *relation* existing between the defendant and the negligent servant, and that relation must be shown to be such that the defendant is responsible for the negligent acts or omissions of the servant whose acts caused the mischief. (Mechem on Agency, § 668, and cases there cited; *Quincy Min. Co.* v. *Kitts*, 42 Mich. 34; *Gonsior* v. *Minneapolis etc. Ry. Co.* 36 Minn. 385; *Brown* v. *Winona etc. R. R. Co.* 27 Minn. 162; 38 Am. Rep. 285.) The presumption is that the master is free from fault and has discharged his full duty to the plaintiff, and this presumption must be overcome by proof on the part of plaintiff. (See Wood on Master and Servant, p. 754, and cases there cited.)

DE WITT, J.—This action is for damages for personal injuries received by plaintiff when in the employ of defendant, alleged to have occurred through defendant's negligence. Defendant was engaged in taking rock from a quarry. It was necessary to blast the rock. Plaintiff was a common laborer, working at handling the rock and *debris* thrown down by the blasting. He was not engaged in the blasting department of the labor. The court granted defendant's motion for a nonsuit. Plaintiff appeals.

The question before this court is not as to the weight of the testimony, but simply whether it was sufficient to go to the jury. A motion for a nonsuit is practically a demurrer to the evidence. It admits the truth of plaintiff's testimony. The rule as to submitting a question of negligence to the jury is, as we understand it, that, if the question of negligence is a fairly disputed question of fact, it must be resolved by the jury, but that, if the evidence is perfectly clear to the effect that there was no negligence, the matter is for the court. If the District Court was correct in granting the nonsuit, it must be that the only reasonable conclusion from the evidence was that there was no

negligence by defendant. In this case there is certainly evidence that one Robert Baldwin was the foreman under whom plaintiff was working. Plaintiff testified to this. Defendant may have been able to successfully contradict this testimony, but it did not do so. It cannot, therefore, be said that it so clearly appeared that Baldwin was not the foreman as to warrant the court in so holding. So much for that important fact in the case.

On the afternoon of the accident, defendant, by its workmen, put a charge of three kegs of powder into the rock. The fuse was fired, an alarm was duly given, and plaintiff, with the foreman Baldwin, and the rest of the crew, sought safety in a carpenter shop at a distance. Plaintiff did not know the amount of the charge, the length of the fuse, or the time required for the fire to reach and explode the blast, nor is he chargeable with the duty to know any of these matters. He was working in a department other than that of blasting. After remaining in the carpenter shop for from ten to twelve minutes, and the blast having not yet exploded, the foreman said: "I guess that the blast is dead. We might as well turn out and go to work." The plaintiff heard this remark. This is substantially the testimony. At least — and this is sufficient in the matter of a nonsuit — there is evidence that these were the facts. The foreman started to go back to the work, and toward the blast. Plaintiff did not follow at once, but turned and took a drink of water, and then followed the foreman. The plaintiff and the foreman were near each other, and not far from the blast when it exploded, injuring them both. These are facts as to which there was evidence. Is it clear that there was no negligence by defendant — so clear that it was the duty of the court to determine the matter at once without the aid of the jury? It is not necessary to decide whether the words of the foreman were an order to plaintiff to return to work.

We are of opinion that the decision in *Kelley* v. *Cable Co.* 7 Mont. 70, is decisive of the motion for a nonsuit in this case. In that case the plaintiff Kelley was a laborer in the mine of defendant. It was his duty to go on shift at night, and work at removing material thrown down by the miners during the day. On the night of the accident he went to work as usual,

and in performing his labor an explosion took place; it not being clear whether from a missed charge or a piece of powder having been accidentally dropped among the *debris* in which plaintiff was working. The opinion of the court, among other things, says: "It is well settled that this foreman, having the authority to employ and discharge the plaintiff—in fact, having actually employed him and set him to work on many previous occasions, and on this very night—under such circum-stances the negligence of the foreman would be the negligence of the defendant corporation. This is really admitted to be the law and the fact by the counsel for respondent. (*Spelman* v. *Fisher Iron Co.* 56 Barb. 155.) The *prima facie* presumption is that the defendant has discharged its duty to plaintiff in this case. Hence this presumption must be overcome by proof of fault on the part of defendant, by showing either that the fore-man knew, or ought to have know, that the danger to which the plaintiff was exposed was extraordinary; that is, that there was a charge of blasting powder in the mine, where he was sent to work, which had not been fired. (Wood on Master and Ser-vant, § 368.) If the danger is such that the master, by the use of reasonable and ordinary care, as it is defined in *Diamond* v. *Northern Pacific Ry. Co.* 6 Mont. 580, heretofore quoted, might have known of it, his liability is the same as if he had known it actually. (Wood on Master and Servant, §§ 345, 348, 398, and cases cited.) And in regard to the ascertainment of the condi-tion of this blast the plaintiff had a right to presume that the defendant had done its duty, and to act on that presumption in going to work in the cross-cut, where the blasts had been fired, as he was ordered. (Wood on Master and Servant, § 356; *Gibson* v. *Pacific R. R. Co.* 46 Mo. 170; 2 Am. Rep. 497, and cases cited; *Wonder* v. *Baltimore etc. R. R. Co.* 32 Md. 411; 3 Am. Rep. 143; *Fort Wayne etc. R. R. Co.* v. *Gildersleeve,* 33 Mich. 135.) If the defendant or its foreman knew, or by the use of reasonable diligence might have known, of the existence of the danger from this unexploded blast, it was his bounden duty to convey such information to the plaintiff. (*Baxter* v. *Roberts,* 44 Cal. 190–193; 13 Am. Rep. 160; *Spelman* v. *Fisher Iron Co.* 56 Barb.165.)"

So in the case at bar it would have required but little dili-

gence on the part of the foreman to have known of the danger from this unexploded blast. It is in evidence that the fuse used would burn a foot a minute. The foreman could have readily known the length of the fuse beyond the powder, and very near how much time was required to explode the blast or make it certain that the blast was dead. He could have kept time after the fuse was fired. Three kegs of powder in rock are a dangerous agent. As above observed, these facts are all, as the case now stands on motion for a nonsuit, admitted. It cannot be held that it so clearly appears that defendant was free from negligence that the court was justified in taking the matter from the jury, and deciding the case as an undisputed question of fact.

It is ordered that the judgment be reversed, and that the case be remanded for a new trial.

*Reversed.*

BLAKE, C. J., and HARWOOD., J., concur.