DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

[S. F. No. 9.   Department One.—May 23, 1896.]

JOHN T. GIBSON, BY GUARDIAN, ETC., RESPONDENT, v. THE STERLING FURNITURE COMPANY, APPELLANT.

NEGLIGENCE—INJURY TO MINOR—FAILURE TO INSTRUCT—APPEAL—CONFLICTING EVIDENCE.—In an action to recover damages for injury to a minor, upon the ground of negligence in putting him at a dangerous task, without knowledge or experience on his part of the dangers incident thereto, and without warning or instructing him how to avoid such dangers, a verdict and judgment for the plaintiff will not be disturbed upon appeal, where there is a substantial conflict in the evidence, and there is evidence tending to sustain the verdict, to which the jury and the judge of the court below gave credence, notwithstanding there is a preponderance in the number of the witnesses for the defendant.

ID.—NEGLIGENCE OF MASTER THROUGH FELLOW-SERVANT—INSTRUCTIONS—PLEADING.—Where there is no averment of the negligence of a fellow-servant in the answer, and the only material issue is as to whether the plaintiff was set to work while the dangerous machine was in motion, without knowledge, warning, or instruction as to the danger, the only negligence involved in the issue is the negligence of the master in failing to give such warning or instruction, for which the master is responsible, notwithstanding the immediate instrumentality through which such negligence occurred was the act of a fellow-employee of the plaintiff; and, under the pleadings and evidence, instructions predicated upon the principle that a master is not liable when the injury is suffered through the negligence of a fellow-servant, are properly refused.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   A. A. SANDERSON, Judge.

The facts are stated in the opinion of the court.

*Smith & Murasky,* and *E. J. & J. H. Moore,* for Appellant.

The jury had a right to pass upon the question as to plaintiff's capacity and intelligence. They should have been instructed, as defendant requested, on the legal bearings of the matter under the facts before the jury. (*Meeks* v. *Southern Pac. R. R. Co.,* 52 Cal. 602; *McQuilken* v. *Central Pat. R. R. Co.,* 64 Cal. 466; *Roller* v. *Sutter Street R. R. Co.,* 66 Cal. 230.) The court erred in refusing defendant's proposed instruction, that if the evidence showed that plaintiff was injured by reason of the negligence or carelessness of a fellow-employee of defendant, the verdict should be for defendant. (*Livingston* v. *Kodiak Packing Co.,* 103 Cal. 258; *Noyes* v. *Wood,* 102 Cal. 389; *Sappenfield* v. *Main Street etc. R. R. Co.,* 91 Cal. 48; *Meeks* v. *Southern Pac. R. R. Co., supra; McQuilken* v. *Central Pac. R. R. Co., supra; Roller* v. *Sutter Street R. R. Co., supra;* Code Civ. Proc., sec. 1970; *McLean* v. *Blue Point Gravel etc. Co.,* 51 Cal. 255; *Fagundes* v. *Central Pac. R. R. Co.,* 79 Cal. 97; *Fisk* v. *Central Pac. R. R. Co.,* 72 Cal. 42; 1 Am. St. Rep. 22; *Davis* v. *Southern Pac. Co.,* 98 Cal. 14; 35 Am. St. Rep. 133; *Congrave* v. *Southern Pac. R. R. Co.,* 88 Cal. 360; *Burns* v. *Sennett,* 99 Cal. 363; *Stevens* v. *San Francisco etc. R. R. Co.,* 100 Cal. 554; *Beasley* v. *San Jose etc. Packing Co.,* 92 Cal. 388; *Trewatha* v. *Buchanan etc. Co.,* 96 Cal. 494; Wood on Master and Servant, 812.) The rule is not altered by the fact that the party injured is a child. (*Fisk* v. *Central Pac. R. R. Co., supra.*) The court erred in refusing the instruction that if, when the boy was put to cleaning the machine, it was in motion, having been put in motion by some fellow-servant or employee of defendant, after Mr. Moore left and without his knowledge, or that of the assistant manager, the verdict should be for defendant. (*Davis* v. *Southern Pac. Co., supra.*) Also in refusing the instruction that if the evidence showed that plaintiff was twelve or fifteen years old, and intelligent for his age,

the burden of proof was on plaintiff to show that he did not have the capacity to understand and avoid the danger. (Bailey on Master's Liability; Wood on Master and Servant, 7, 8, and cases.)   Also, in refusing the instruction that an employer is not bound to warn an employee, even though he be a minor, of an obvious danger. (Bailey on Master's Liability, 114, 115, 157, and cases.) The evidence was insufficient to justify the verdict, and the verdict was against the evidence and the law. All evidence to sustain plaintiff's pretension that, when ordered to clean it, the sand-papering machine was attached to the gearing, with shield and plate (the safeguards) off, and the machine in motion, is "legally incredible." (*Irving* v. *Cunningham,* 66 Cal. 17; *Blankman* v. *Vallejo,* 15 Cal. 638; *Baker* v. *Fireman's Fund Ins. Co.,* 79 Cal. 34.)   The grounds of accident and surprise and newly discovered evidence entitled appellant to a new trial. The court erred in excluding the evidence as to what the custom is among persons in the same class of business, and who use these machines generally, and in trade generally, as to having boys clean that machine.   (Code Civ. Proc., secs. 1870, 1963; Civ. Code, secs. 1645, 1646, 1647, 1655, 1656, 1982; *Sappenfield* v. *Main Street etc. R. R. Co., supra; Burns* v. *Sennett, supra.*)

*H. H. Davis,* and *Dunne & McPike,* for Respondent.

It is the duty of the master, not only to warn the child, but to instruct him as to the dangers of the employment, and the means of avoiding them. (*Fisk* v. *Central Pac. R. R. Co.,* 72 Cal. 38–43; 1 Am. St. Rep. 22.)   The jury is the exclusive judge of the evidence, and it is for them to say which witness' testimony they will accept as having given the true and real facts.   This court will not disturb a finding of fact by a jury or trial judge which is the result of the consideration of evidence that is really and materially conflicting. (*Blythe* v. *Ayres,* 102 Cal. 260; *Field* v. *Shorb,* 99 Cal. 666.)   The doctrine of negligence of fellow-servants has no application to this case.   If there was any negligence in the

foreman in putting this child to work without proper instructions, that negligence is just as much the negligence of defendant as if it had failed to furnish suitable appliances. (*Ingerman* v. *Moore*, 90 Cal. 410; 25 Am. St. Rep. 138.) The negligence of a fellow-servant is not pleaded. (*Conlin* v. *San Francisco etc. R. R. Co.*, 36 Cal. 404.) No such issue having been made or tendered, the instructions which were refused were irrelevant. (*Bjorman* v. *Fort Bragg Redwood Co.*, 104 Cal. 626.) The court properly excluded the question: "What change from that state would have to be made in order that a person could get hurt?" as it called for mere opinion evidence. (*Saffenfield* v. *Main Street etc. R. R. Co.*, 91 Cal. 59, 60; *Kauffman* v. *Maier*, 94 Cal. 281; *Alexander* v. *Central Lumber Co.*, 104 Cal. 532; 43 Am. St. Rep. 127.) It must appear that the applicant has been diligent, that the evidence is both new and material, and is not cumulative, and that it is such as to render a different result probable on a retrial of the cause, before a new trial will be granted. (Hayne on New Trial and Appeal, secs. 87–9; *Baker* v. *Joseph*, 16 Cal. 180; *Arnold* v. *Skaggs*, 35 Cal. 684; *Williamson* v. *Tobey*, 86 Cal. 498.)

VAN FLEET, J.—The plaintiff, a lad of eleven years, while in the employment of the defendant in its furniture factory, was set to the task of cleaning the rollers of a sand-papering machine, and, while thus engaged, the machine being at the time in motion, one of his hands was caught by the sand-paper drum, which was revolving at a high rate of speed, and badly lacerated, torn, and otherwise injured to such an extent as to leave plaintiff permanently maimed. He brought this action to recover for the injury, alleging, in substance, negligence of defendant in putting him at a dangerous task, without knowledge or experience on his part of the dangers incident thereto, and without warning thereof by defendant, or instruction as to how to avoid such dangers.

He recovered a verdict, and defendant appeals from

the judgment entered thereon, and from an order denying a new trial.

It is very strenuously urged by defendant that the evidence is insufficient to sustain the verdict. But the record does not support such claim. No motion was made for a nonsuit, nor is it now pretended that there was not evidence on behalf of plaintiff tending, in legal effect, to make out a case, but it is contended that "the testimony of defendant's ten witnesses overwhelms *in toto* that of plaintiff"; and that the preponderance of defendant's evidence over that of plaintiff made the latter "legally incredible."

Without reciting the evidence in detail, which would subserve no useful purpose, it is only necessary to say that there is nothing in the essential nature of the evidence as it appears in the record, with the manner and bearing of the witnesses lacking, to disclose any necessary preponderance in favor of defendant; nor is there anything inherently or otherwise so improbable in the character of the evidence on behalf of plaintiff as to render it legally incredible, or which tends to deny it the effect which we think it clearly has of creating a substantial conflict. It is true that defendant's witnesses greatly exceeded in number those of plaintiff, and there was a very sharp and decided conflict between the two as to the facts; but, however great the disparity, mere preponderance in number of witnesses of itself cannot, of course, control the finding of the jury. Much less can it affect our consideration in determining if the verdict finds support in the evidence. Notwithstanding the disparity in this instance, not only did the jury choose to give credence to the plaintiff's evidence, but the action of the judge in denying a new trial must, for the purposes of this review, be implicitly regarded as indicating a like view by the latter, since, had his judgment been otherwise, it would have been his duty to grant a new trial. In such a case, under well-settled principles, we would not be justified in saying, even if we regarded the evidence as strongly preponderating in

defendant's favor, that the verdict is not supported by the evidence.

It is claimed that there was error in the refusal of the trial judge to give certain instructions requested by defendant, designed to submit to the jury the rule that a master is not liable when the injury is suffered through the negligence of a fellow-servant. But there was no such issue or question in the case under the pleadings, nor, as we regard it, any evidence to which such principle was pertinent. The theory of plaintiff's case, as we have indicated, was that the injury resulted from the defendant's putting plaintiff at work about a dangerous machine, with which he was not familiar, while the same was in motion, and the failure of defendant to properly warn and instruct him as to the dangers involved in the task he was required to perform; while that of the defendant was that neither it nor any of its employees, other than plaintiff himself, was in any way negligent or responsible for the injury, but that when plaintiff was set at work cleaning the machine it had been wholly stopped, and was not in motion, and that there was no danger whatsoever attendant upon plaintiff's work while the machine remained in that condition, and that the accident and injury occurred solely "from a freak of willful, unforeseen, and reckless disobedience on plaintiff's part in putting on the motion gearing and removing the safeguard to said machine." The fact that plaintiff was directed by defendant to perform the task in question was not denied, the only material issue being whether or not he was set at work while the machine was in motion, and so dangerous, without knowledge on his part of such dangers, or proper warning by defendant to enable him to avoid them. This issue in no way involved the principle sought to have submitted to the jury. If there was negligence in the particular involved in that issue, it was the negligence of the master, and for which he is responsible, notwithstanding the immediate instrumentality through which such negligence occurred was the act of a fellow-

employee of the plaintiff.   (*Ingerman* v. *Moore*, 90 Cal.
410; 25 Am. St. Rep. 38.)   Under the pleadings, there-
fore, and evidence, the instructions in question were
properly refused.   (*Conlin* v. *San Francisco etc. R. R.
Co.*, 36 Cal. 404.)

The refusal of the other requested instructions in-
volves no error.   So far as they were pertinent to the
evidence, and were correct expositions of the law, they
were sufficiently covered by the instructions given.

We discover no error in the rulings of the court on ques-
tions of admissibility of evidence.   Nor do we think the
court abused its discretion in denying defendant's motion
for a new trial.   There is no such showing of accident or
surprise as should be required to invoke the favorable
consideration of a court and induce it to set aside a ver-
dict.   As to the ground of newly discovered evidence, the
showing wholly fails to disclose a requisite degree of dili-
gence, assuming that the evidence can be regarded as of a
character likely to produce a different result upon another
trial, which to our minds is not obvious.

The judgment and order are affirmed.

HARRISON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.