[S. F. No. 3465. In Bank.—June 7, 1906.]

## WILLIAM H. BONE, Respondent, v. OPHIR SILVER MINING COMPANY, Appellant.

NEGLIGENCE—LATENT DANGER—UNEXPLODED BLASTS—PLEADING—IGNO-
RANCE OF SERVANT—KNOWLEDGE OF MASTER ADMITTED—CONFLICTING
EVIDENCE.—Where a complaint for injuries from unexploded blasts
in a mine was framed under the rule that it is the master's duty
to inform the servant of latent or extraordinary dangers, of which
the master has knowledge and the servant has not, and the answer
took no issue upon the averment of defendants' knowledge, and
rested the defense upon the averment that plaintiff was informed of
the unexploded blasts before he went to work, the admission of
such knowledge eliminates all question as to the negligence of
fellow-servants, and the evidence being conflicting as to whether or
not plaintiff was informed of the danger, the verdict of the jury
for the plaintiff cannot be disturbed upon appeal.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

Deal & Tauszky, for Appellant.

Milton S. Eisner, and Charles S. Wheeler, for Respondent.

HENSHAW, J.—In the decision of this case in Depart-
ment it was said:—

"Plaintiff sued defendants to recover damages for personal
injuries sustained by him while he was a miner in their
employ. The gravamen of his complaint is that he was em-
ployed by defendants and put to work excavating rock and
soil from a winze in their mine, in which winze there were
certain unexploded charges of blasting-powder; that these
unexploded charges of blasting-powder made the place of
his labor to a high degree unsafe and dangerous; that de-
fendants knew these facts, but carelessly and negligently put
him to work at that place without informing him of them;
that while so at work one of these charges exploded and in-
flicted upon him serious injuries. Trial was had before a
jury and the plaintiff recovered. From the judgment in his

favor and from an order denying their motion for a new trial, defendants appeal.

"Plaintiff's testimony showed that he had followed mining for some thirty-eight or thirty-nine years, and was thoroughly familiar with the work and with the use of giant powder. He testified that there would have been no danger in his place of work if he had known of the unexploded charges, but that, being in ignorance of this fact, he was liable at any time to strike one of them with his pick and cause it to explode. This was, in fact, what happened. He further testified that it was the rule in the mine that when a shot failed to explode during a shift the miners coming off reported to the foreman or watchman, who, in turn, would notify the men of the oncoming shift so that they could guard against any possible danger. In this particular case there was a sharp conflict in the evidence as to whether or not the plaintiff had been informed. The jury, however, accepted his testimony, and it must be taken as proved to their satisfaction that plaintiff was put to work in the winze in which there were unexploded charges of giant powder without being informed of that fact. Were the defendants responsible in law for this failure so to inform him? The rule is unquestioned that the duty of informing a servant of latent or extraordinary dangers or risks connected with the service of which the master has knowledge, is not only a duty, but is a primary duty such that the delegation of it to another cannot relieve the master from responsibility, if that other, in turn, shall fail to give the necessary information. (*Baxter* v. *Roberts*, 44 Cal. 192, [13 Am. Rep. 160]; *Rodgers* v. *Central Pacific R. R. Co.*, 67 Cal. 607, [8 Pac. 377]; *Berg* v. *Boston etc. Mining Co.*, 12 Mont. 217, [29 Pac. 545]; *Elledge* v. *National City etc. Railway Co.*, 100 Cal. 287, [38 Am. St. Rep. 290, 34 Pac. 720]; *Gibson* v. *Sterling Furniture Co.*, 113 Cal. 6, [45 Pac. 5]; *Higgins* v. *Williams*, 114 Cal. 182, [45 Pac. 1041]; *Tedford* v. *Los Angeles Electric Co.*, 134 Cal. 80, [66 Pac. 76]; *Simone* v. *Kirk*, 173 N. Y. 7, [65 N. E. 741]; Woods on Master and Servant, 2d ed., secs. 354-448; 4 Am. & Eng. Ency. of Law, p. 60, note.) It is to be noted, however, that this rule applies to latent and extraneous dangers of which the master himself has knowledge, or of which, with the exercise of ordinary care, he should have had knowledge. This is of course a just

limitation upon the rule, for otherwise the law would be exacting impossibilities if it attempted to compel the master to inform the servant of dangers as to which the master himself knew nothing, and concerning which he could have acquired no information. The question, therefore, to be resolved in this case is that presented as an issue by the pleadings,—namely, did the defendants have knowledge of these unexploded blasts, and yet put the plaintiff to work in the winze where they were without giving him any information concerning them?''

The opinion in Department then proceeded to show that the only persons connected with the corporation having knowledge of the unexploded shots were the foreman and the watchman, and the case was disposed of under an instruction which it was thought that the court had given, to the effect that the foreman and watchman were fellow-servants of plaintiff, and their failure to inform plaintiff was the negligence of a fellow-servant, for which defendants were not responsible.

Upon petition for rehearing it was pressed upon the attention of the court, first, that the court was in error in supposing that the quoted instruction had been given. In fact, it was a proposed instruction which had not been given. Second, it was strenuously insisted that the question which in Department was said to be presented as an issue,—namely, "Did the defendants have knowledge of these unexploded blasts, and yet put the plaintiff to work in the winze where they were, without giving him any information concerning them?''—was not a question in the case, and that no issue whatever had been joined by defendants' answer as to the knowledge of the defendants which was charged against them in the complaint.

The complaint was framed under the rule above set forth in the quotation from the Department opinion,—namely, that it is the master's duty to inform his servant of latent or extraordinary dangers or risks connected with the service, of which the master has knowledge and the servant has not. The complaint charged that the defendants did have this knowledge, that the plaintiff did not have it, and that the defendants put plaintiff to work without informing him of this latent danger. Under the most liberal construction of defendants' answer it cannot be said that issue is joined upon the allega-

tion of their knowledge. First, there is no denial whatsoever of the knowledge. Second, the answer, admitting knowledge of the unexploded charges, rests its defense upon the averment that plaintiff was fully advised and informed of the danger before he went to work.

This admission in the pleading necessarily eliminates from the case all question as to whether or not the foreman and the watchman were fellow-servants, and as to whether or not, in the operation of a mine, there was, under circumstances such as here disclosed, any primary duty cast upon the defendants to inform the oncoming shift of unexploded blasts, or whether a failure of an outgoing shift so to do was merely the negligent failure of a fellow-servant. All this is eliminated, we repeat, because the case as presented by the pleadings is a case where the employer admits that at the place where his employee was put to work there were latent and extraordinary dangers, and that he, the employer, knew of these dangers. There is left in the case the sole issue as to whether or not, so knowing, he advised his employee of this concealed hazard. Upon this point, as has been stated, the evidence is conflicting and the verdict of the jury may not be disturbed.

For these reasons the judgment and order appealed from are affirmed.

Angellotti, J., Shaw, J., Harrison, J., Lorigan, J., Sloss J., and Beatty, C. J., concurred.

Note.—Justice McFarland being unable to act, Justice Harrison, one of the justices of the district court of appeal for the first appellate district, participates herein *pro tempore,* pursuant to section 4 of article VI of the constitution.

Rehearing denied.