Boss, Appellant, *v.* Northern Pacific Railroad Company, Respondent.

**Master and Servant—Negligence of Master—Jury—Questions for.**

> In an action against a railroad company, by a section-man, for injuries received in being struck by a switch-signal, it appeared that at the time of the accident he was on a train with his fellow-laborers and others, going to dinner, according to the usual method adopted by his foreman; that from the number on the platform he was obliged to stand on the bottom step, and, as the car passed the switch, which was leaning towards the track, he was struck on the back of the head; that he did not know of the switch; that it was constructed within four feet of the track; that such a switch was generally placed six feet from a track by all railroads; that this came in contact with passing cars when leaning towards the track. The court directed a verdict for the defendant company. *Held* error.

(Argued May 10, 1888; reversed May 25; opinion filed October 2, 1888.)

Appeal from the district court of Cass county; Hon. W. B. McConnell, Judge.

*Taylor Crum,* for appellant.

Cited *Railroad Co.* v. *Jones,* 95 U. S. 441, 442 ; *Metropolis Bank* v. *Guttschlick,* 14 Pet. 19; *N. J. R. R. Co.* v. *Pollard,* 22 Wall. 341; *Detroit & M. R. R. Co.* v. *Van Steinburg,* 17 Mich. 99; *Sioux City & P. R. R. Co.* v. *Stout,* 17 Wall. 657; *Pa. R. R. Co.* v. *Peters,* 9 Atl. Rep. 318; *Spooner* v. *Brooklyn City R. R. Co.,* 54 N. Y. 234; *Nolan* v. *Brooklyn City & N. R. R. Co.,* 87 N. Y. 67; *Morrison* v. *Erie R. R. Co.,* 56 N. Y. 307, 55 Amer. Dec. 672, note; *Gray* v. *Scott,* 66 Pa. St. 345 ; *Fowler* v. *Baltimore, etc., R. R. Co.,* 18 W. Va. 579; *G. P. R.* v. *Walling,* 37 Amer. Rep. 711, note; *R. R. Co.* v. *Boudron,* 92 Pa. St. 475;

*Camden & A. R. R. Co.* v. *Hoosey,* 44 Amer. Rep. 120; Shear. & R. Neg. 10, 25, 26, 28, 31; *McGrew* v. *Stone,* 52 Pa. St. 436; *Hunt* v. *City of Salem,* 121 Mass. 294; *Woods* v. *Boston,* 121 Mass. 337; *M. & St. P. R. R. Co.* v. *Kellogg,* 94 U. S. 474; *Atkinson* v. *Goodrich T. Co.,* 18 N. W. Rep. 774; *Werle* v. *L. I. R. R. Co.,* 98 N. Y. 650; Pierce, 328; *Fernandes* v. *S. R. R. Co.,* 52 Cal. 45; *Twomley* v. *Cen. P. & N. E. R. R. Co.,* 69 N. Y. 128; 2 Rorer, 1211; *N. P. R. R. Co.* v. *Herbert,* 116 U. S. 642, 6 Sup. Ct. Rep. 590; *Lane* v. *Atlantic Works,* 111 Mass. 139; Beach, 23; *Clark* v. *Eighth Av. R. R. Co.,* 36 N. Y. 135; *Willis* v. *L. R. R. Co.,* 34 N. Y. 669; *Colgrove* v. *N. Y. & N. H. R. R. Co.,* 20 N. Y. 492; *Jamison* v. *S. J. & S. C. R. R. Co.,* 55 Cal. 596; *C. B. & Q. R. R. Co.* v. *Gregory,* 58 Ill. 272; *Fitts* v. *Cream City R. R. Co.,* 18 N. W. Rep. 186; *Ill. C. R. R. Co.* v. *Welch,* 52 Ill. 183; *Muldong* v. *R. R. Co.,* 36 Iowa, 462; *Spencer* v. *M. & P. R. R. Co.,* 17 Wis. 503; *Griggs* v. *Huston,* 104 U. S. 553; *C. & E. R. R. Co.* v. *Hedges,* 7 N. E. Rep. 805; *Bennett* v. *R. R. Co.,* 102 U. S. 580; Pierce, 371–376; *Lanning* v. *N. Y. C. R. R. Co.,* 49 N. Y. 533; *Randen* v. *C., R. I. & P. R. R. Co.,* 36 Iowa, 372; *Derby* v. *Ky. C. R. R. Co.,* 4 S. W. Rep. 304; Beach, 67, 69; *Harriman* v. *P. & St. L. R. R. Co.,* 12 N. E. Rep. 456; *G. T. R. R. Co.* v. *Cummings,* 106 U. S. 700, 1 Sup. Ct. Rep. 493; Whit. Smith, Neg. 309; *Vick* v. *N. Y. C. & H. R. R. Co.,* 95 N. Y. 274; *Dickinson* v. *P. H. & N. W. R. R. Co.,* 18 N. W. Rep. 353; *Barry* v. *Ferkildsen,* 13 Pac. Rep. 657; *Hacket* v. *Middlesex M. Co.,* 101 Mass. 101; *John* v. *Hud. R. R. Co.,* 20 N. Y. 65; Beach, 95; *Ernst* v. *H. R. R. Co.,* 35 N. Y. 39; Bigelow, Lead. Cas. Torts, 707; C. C. § 1131.

*Ball, Wallin & Smith,* for respondent.

Railroad companies have the right to put up structures on their right of way whenever and wherever they see fit, subject only to liability for such injuries as are caused by such structures to employes while engaged in their proper sphere of duty, and to passengers while riding in their proper places on the cars. *Gibson* v. *Erie R. R. Co.,* 63 N. Y. 449–453; *Randall* v. *Balt.*

& *Ohio R. R. Co.*, 109 U. S. 485, 3 Sup. Ct. Rep. 322; *Pittsburg, etc., R. R. Co.* v. *Sentmeyer*, 37 Amer. Rep. 684–686.

Plaintiff assumed the risk. C. C. § 1130; *Randall* v. *Balt. & Ohio R. R. Co.*, 109 U. S. 478, 482, 483, 3 Sup. Ct. Rep. 322; *Lovejoy* v. *Boston & L. R. R. Co.*, 125 Mass. 79; *Ladd* v. *New Bedford R. R. Co.*, 119 Mass. 412; *Bresnahan* v. *Mich. Cent. R. Co.*, 49 Mich. 410, 13 N. W. Rep. 797; *Baylor* v. *Delaware, L. & W. R.*, 29 Amer. Rep. 208.

It appears that the plaintiff had passed this switch-stand daily for weeks next preceding the injury. *B. & O. R. Co.* v. *Stricker*, 51 Md. 47, 34 Amer. Rep. 291; *Devit* v. *Pacific R. R. Co.*, 50 Mo. 302; *Rains* v. *St. Louis R. R. Co.*, 71 Mo. 164, 36 Amer. Rep. 459; *Pittsburg R. R. Co.* v. *Sentmeyer*, 92 Pa. St. 276, 37 Amer. Rep. 684; *Clark* v. *Richmond R. R. Co.*, 78 Va. 709, 49 Amer. Rep. 394; *Randall* v. *B. & O. R. R. Co.*, 109 U. S. 485, 3 Sup. Ct. Rep. 322; 2 Thomp. Neg. 1008; *Mich. Cent. R. R. Co.* v. *Austin*, 40 Mich. 247.

The contributory negligence of the plaintiff barred his recovery. *Northern Pacific R. R. Co.* v. *Herbert*, 116 U. S. 642, 656, 6 Sup. Ct. Rep. 590; *Gibson* v. *Erie R. R. Co.*, 63 N. Y. 449, 453, 454; Beach, Contrib. Neg. 55; *Martenson* v. *Chicago, etc., R. R. Co.*, 15 N. W. Rep. 569.

The evidence here was such that the question was for the court. 2 Thomp. Neg. 1236; *Williams* v. *N. P. R. R. Co.*, 3 Dak. 168, 14 N. W. Rep. 97; Pierce, 315, 316; *Lake Shore, etc.*, v. *Miller*, 25 Mich. 274; *Mares* v. *N. P. R. R. Co.*, 21 N. W. Rep. 5–8; *Albert* v. *Chicago & M. Ry. Co.*, 30 Minn. 484, 16 N. W. Rep. 266; *Randall* v. *B. & O. R. R.*, 109 U. S. 485, 3 Sup. Ct. Rep. 322; *Waterbury* v. *N. Y., etc., R. R. Co.*, 17 Fed. Rep. 683, note, § 7; Id. p. 685, note 2.


THOMAS, J.   This action was brought by the plaintiff, Herman Boss, against the defendant, the Northern Pacific Railroad Company, in the district court of Cass county, to recover damages for personal injuries received by him through the alleged negligence of defendant's servants.

The testimony, as disclosed by the record, tends to show the following facts :   On the 15th day of December, 1885, the plaintiff was severely injured by being struck by the switch-signal which stood at a point in defendant's yard at Fargo, between the round-house and depot.   On the day of the accident plaintiff was at work for defendant as a section hand, and was employed, with others, in handling wood near the shop or round-house.   Shortly after noon, the plaintiff, with his co-laborers, boarded one of defendant's trains, to go some distance down the railway track to dinner.   This was the usual mode of going to dinner by the employes, adopted at the instance and request of the foreman under whom they worked, in order to get back to their work in proper time.   The plaintiff, together with his co-employes and other persons, got upon the front platform of the caboose on this train, and, owing to the great number of persons standing on this platform, was forced to stand on the bottom step thereof, and was in this position when the train moved out, and was struck in the back of the head while the train was in motion by the lever or signal of a switch that stood in the yard, and near the track on which the train was moving.   The stroke knocked him senseless and from the train.   This switch-signal was constructed within four feet of the railway track, and, when in an upright position, was that distance from said track, but when in a leaning or slanting position was so near as to come in contact with the sides of the cars as they passed along the railroad track; and on the day of the accident this lever or signal scraped the sides of the cars of the train on which plaintiff was riding.

There is some testimony tending to show that this kind of a switch-signal should have been placed at least six feet from the railroad track in order to be safe, and that such was the distance that they were generally placed by all railroad companies.

The situation and condition of this switch-signal was known to the defendant, while the plaintiff had no knowledge of it whatever.

The case was tried to a jury, and upon motion of defendant

the district court directed a verdict in its favor. Appellant appeals from the judgment of the lower court in favor of defendant, and from an order denying plaintiff's motion to set aside the verdict and grant a new trial, which motion was based on a statement of the case and affidavits of plaintiff and one Bowman. To all of said rulings the plaintiff duly excepted.

The principal contention of plaintiff is that, under the evidence, he was entitled to have the case submitted to the jury, and the court therefore erred in directing a verdict for defendant. We think that under the evidence, as we view it, plaintiff was rightfully on the train, and therefore not in the position of a trespasser, and the railroad company was bound to use ordinary care and diligence for his safety, in default of which it would be liable for his injury, unless he contributed to it by his own culpable negligence.

We think that there is some evidence tending to show want of ordinary care and skill on the part of defendant in the construction of said switch-signal, which was so close to the track as to jeopardize passengers on its trains. We are also of the opinion that the evidence is not of that character which would warrant the district court in holding as a matter of law that the plaintiff was guilty of contributory negligence in bringing about the accident. It may have been negligence to stand on the steps of the platform while the train was in motion, but it was not of such a character as to be the proximate cause of the injury, for he had the right to believe that there was no such obstruction in proximity of the train as the one that inflicted the injury. He had the right to presume that the defendant's railway track was free from such dangers.

If he had been jostled from the train, or had been pushed therefrom by his co-employes, then his negligence in standing on the platform would have perhaps so far contributed to the injury as to prevent a recovery. It not infrequently happens that the injury complained of is so clearly traceable to the misconduct or negligence of the plaintiff that it is the duty of the court to apply the law to the facts without the intervention of a jury;

but in the case at bar the facts are by no means of that character, and the case should have been submitted to the jury, under proper instructions from the court.

The principles announced in the foregoing opinion are so familiar, and so elementary in character, that we deem it unnecessary to cite any authorities in support of them.

The court erred in directing a verdict in favor of defendant, and the judgment, for that reason, is reversed, and a new trial ordered in accordance with the views expressed in this opinion. All the justices concurring.