STATE EX REL. NORTHRUP, RELATOR, *v.* CONROW RESPONDENT.

[Argued November 16, 1893. Decided December 23, 1893.]

CRIMINAL LAW—*Right of accused to speedy trial.*—Where a defendant has been twice tried before the expiration of the second term after the filing of the information, and the state prosecutes an appeal from an order granting him a new trial after a conviction on the second trial, which appeal was finally held to be unauthorized, and during the pendency of such appeal two terms elapsed without another trial, this is not a denial to the accused of the speedy trial guaranteed him by the constitution (Art. III, § 16), nor does it entitle him to be discharged by virtue of section 303 of the Criminal Practice Act, requiring one indicted for an offense and committed to prison to be brought to trial before the end of the second term of the court, having jurisdiction of the offense, which shall be held after the indictment is found. HARWOOD, J., dissenting.

*Appeal from Sixth Judicial District, Park County.*

Relator's application for a writ of *habeas corpus* was denied by HENRY, J. Affirmed.

Statement of the case by Mr. Justice DE WITT.

Relator in this case is the same person who is respondent in the case of *State* v. *Northrup, ante,* page 522. See that case for the general facts. Relator was arraigned November 14, 1892, upon an information charging murder. On November 23d he was tried, and the jury disagreed. Relator was then remanded to the custody of the sheriff, respondent herein. On January 23, 1893, he was tried the second time, and convicted of murder in the second degree. On March 24, 1893, the district court granted a motion for a new trial. Since that time he has been in the custody of the sheriff, and there have been

two terms of court—one from April 10 to April 22, 1893, and the other from June 19th to October 23d. At each term a trial jury was in attendance. There was time at each term to try relator. The state did not apply for a trial at either term. The defendant's attorneys asked to have the case set for trial. It does not appear whether this request was made at the April term or the June term, or whether it was made when the jury was in attendance, or after it was discharged. The state's attorney asserts in his brief that "the appellant made no demand whatever for a trial at the April term, nor even at the June term, until several weeks after he knew the jury had been discharged." This does not appear affirmatively in the record, nor does it appear that there was any jury in attendance when the request was made. The state, meantime, had taken, on March 29, 1893, the appeal from the order granting defendant's motion for a new trial, which appeal was considered in *State* v. *Northrup,* above referred to. At the close of the June term of the district court, on October 23, 1893, relator, showing the above facts, asked his discharge in that court upon *habeas corpus,* relying upon section 303 of the Criminal Practice Act. The court remanded him, and, from that judgment, relator now appeals.

*Campbell & Stark,* for Relator.

*Henri J. Haskell, attorney general, H. J. Miller,* and *Allan R. Joy,* for Respondent.

DE WITT, J.—The constitution of this state provides, in article III, section 16, that in all criminal prosecutions the accused shall have the right to a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed. The statute, Criminal Practice Act, section 303, is as follows:

"SEC. 303. If any person indicted for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense, which shall be held after the indictment is found, he shall be entitled to be discharged, so far as it relates to the offense for which he was committed, unless the delay shall be

granted on the application of the prisoner, or shall be occasioned by want of time to try the cause at such second term."

The statute thus declares, in effect, that if a defendant committed to prison be not tried before the end of the second term after his indictment (or information filed), unless he himself, or the want of time, has caused the delay, this is not giving him a speedy trial. But the relator in this case does not bring himself within the provisions of section 303. It is not the fact that he was not brought to trial before the end of the second term held after the information was filed. On the contrary, he was tried twice within the period defined by section 303, and within sixty days. It is true that two terms of court elapsed without trying him, after he was granted a new trial, on March 24th. If he could show that the state unreasonably, and without cause, delayed trying him for two terms of court, after he had once been tried, we are of opinion that he might urge such delay as a denial of a speedy trial, without relying upon the statute (§ 303), and depending simply upon the provisions of the constitution (article III, § 16); for the statute (§ 303) does not attempt to, even if it could, provide what shall alone be a denial of a speedy trial. We may therefore inquire whether the facts shown constitute a denial of a speedy trial.

In the case of *United States* v. *Fox*, 3 Mont. 512, in this court under the territorial organization, the decision was not made in view of section 303, Criminal Practice Act, but was rather upon the general principles of the guaranty of a speedy trial by the constitution of the United States. (Article VI of the amendments.) In that case the United States was the prosecutor. It neglected, for a whole term of court, its duty to provide funds to try the case. The providing of such funds was wholly within the power and the duty of the United States, and it wholly neglected to so provide them, and did not attempt to offer any excuse for the neglect. The court discharged the relator in that case by reason of the neglect to prosecute. But in the case at bar the state has pursued the relator, not without diligence. It tried him twice in rapid succession. It resisted his motion for a new trial. Upon that motion being granted, the state took an appeal to this

court, and, during the pendency of the appeal in this court, the state did not try the defendant again. Pending that appeal defendant sought to be discharged by writ of *habeas corpus* in the district court, and, being remanded, he is now here on appeal from that judgment.

This court has now determined that the appeal of the state in the case of *State* v. *Northrup, ante,* p. 522, was not permitted by law. Relator's argument now is that, as it was decided that the state had no appeal in the case of *State* v. *Northrup, ante,* p. 522, the state is now in the same position as if it had not attempted to appeal, and had simply willfully neglected to try relator during the time when the pretended appeal was pending. We cannot concur in that proposition. Whether or not an appeal would lie to this court from an order granting defendant a new trial seems to have been a question of great difficulty. See the opinions in *State* v. *Northrup.* The question had never been decided in this jurisdiction. Upon the hearing the contest was most vigorous and earnest on both sides, and the difficulties were such that, after mature deliberation, this court was not able to announce a unanimous decision. Under these circumstances the omission by the state to try the relator a third time, pending their attempted appeal to this court, was not a willful or unreasonable neglect to prosecute. When we observe the difficulty which the question of the appeal caused this court, we may conclude that the legal advisers of the prosecution in the district court did not unreasonably delay the trial of the relator when they ventured to entertain the opinion that they were entitled to the appeal which they attempted to prosecute in *State* v. *Northrup.* The judgment of the district court remanding relator is affirmed.

PEMBERTON, C. J., concurs.

HARWOOD, J.—I dissent from the views expressed in the foregoing opinion, but concur in the conclusion, on entirely different grounds.

According to the law of this case, as decided in the dismissal of the appeal on behalf of the state, by the order just made in *State* v. *Northrup,* defendant ought to be discharged from custody, as provided by the statute (Criminal Practice Act, section

303), which statute is entirely consonant with the provisions of the constitution. (Art. III, § 16.) Because, as conceded, two full terms of court passed while defendant was held in jail, under indictment, and was not brought to trial, nor was such failure occasioned by his application for delay. The former trial and conviction had been set aside and annulled by order of the trial court, and defendant held for another trial; and, during the period mentioned, the state was attempting to prosecute an appeal which this court has decided (erroneously, as I believe) was not sanctioned by law. The constitution provides that "in all criminal prosecutions the accused shall have the right to a speedy public trial." And the statute gives large indulgence to the state in providing "if any person indicted for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense" he shall be entitled to discharge, unless the delay is granted on his application. After the former trial conviction was swept away by order of the trial court, and defendant was remanded to jail, with the indictment resting upon him in force, as this court has held; and from that date, March 24th, to the present December, the prisoner has been held in confinement, with no movement on the part of the state toward bringing him to trial on the indictment. During this time, as conceded, at least two terms of the court "having jurisdiction of the offense," and fully equipped to try said cause, have convened, progressed through the term, and adjourned; and all this period of time has been frittered away in a fruitless and illegal attempt to prosecute an appeal, which the law, according to the ruling of this court, did not permit on behalf of the state. I think counsel for the prisoner are right in reasoning that if this court held the attempted appeal was without authority of law, then the prisoner was entitled, under the statute and constitution, to discharge. Counsel for the prisoner did not find in those constitutional and statutory enactments the idea, "in effect," as the foregoing opinion put it, that if the prisoner has been tried once within the time provided by law, and the results of that proceeding be entirely annulled, then the prisoner may be kept in jail, an indefinite length of time, with the indictment hanging over

him, without trial, and the statute referred to has no effect. But such appears to be the interpretation placed upon the provision by the majority of this court, in saying the prisoner "does not bring himself within the provision of section 303, it is not the fact that he was not brought to trial before the end of the second term held after the information was filed."

The opinion of the majority of this court, read in connection with their opinion in dismissing the state's appeal in the same case, concedes that the state, without any legal ground so to do, have held the prisoner in jail more than two full terms of the trial court, without bringing him to trial; and, according to the interpretation and application of section 303, as found in the foregoing opinion, the prisoner can now be kept in jail as many terms as the state, through delinquency, without any legal ground therefor, may be disposed to delay the trial. This interpretation is based upon the assumption that said section provides "in effect" that if the prisoner is brought to trial before the end of the second term after the indictment is filed against him, and that proceeding is annulled, then the prisoner may be held in jail, without trial, as long as the state may see fit, without any legal ground to support said action, and the prisoner cannot claim the protection of the constitution and statute against such wrongful delay. I do not concur in that interpretation of the statute, nor do I find in the statute or the constitution any implication or proviso that the same shall have no effect in case the state delays the trial, by undertaking in a fruitless and illegal method to test some question of law; even if "the contest was vigorous and earnest" in respect thereto. Nor should there be read into that statute a proviso that it shall not have effect if the state "did not unreasonably delay the trial" of the prisoner, as seems to be interpolated into it in the foregoing opinion. Neither the statute nor constitution has made any such proviso. The statute fixes the delay which shall give the prisoner the right to claim discharge, without inquiring whether there was a plausible, reasonable, or unreasonable excuse for the delay. The statute declares all the grounds upon which the discharge may be demanded, and in this case it is practically conceded that all those grounds exist in favor of the prisoner. But practically there is read into that statute by the foregoing opinion a proviso which

it does not contain, to the effect that if the prosecutor conceives that he has a question of law to test on appeal, and suffers the prisoner to lie in jail under indictment three quarters of a year, in an attempt to take an appeal which the law does not permit, then the prisoner shall suffer without benefit of the guarantee of the constitution and statute.

The only ground upon which I can concur in the result of this decision is, that the state was authorized to prosecute the appeal, which it did prosecute, upon the ruling of the trial court on the questions of law, whereby the conviction was annulled and a new trial ordered. If that appeal was authorized by the statute the order of the court granting a new trial solely on two questions of law did not take effect, if an appeal was taken, until after review by the appellate court, and the prisoner's application for new trial was held in abeyance until the appellate court passed thereon. Nor was the conviction annulled until the appellate court passed upon the appeal, if the appeal was authorized.

From that point of view the prisoner was not wrongfully held in jail, but was held there as the legal effect and result of his own application, because he was not entitled to a new trial until the authority therefor had been fully adjudicated. I have no doubt the order of the learned trial court, in overruling the prisoner's application for discharge, under this writ of *habeas corpus,* was made on the theory that the state was entitled to appeal, and have reviewed the questions of law upon which the order for new trial was granted. From that point of view the ruling of the trial court was correct. When the trial court ruled upon this application for discharge this court had not determined that such appeal was illegal, and should be therefore dismissed. But when it was found by this court that the state had no authority to attempt such an appeal, it virtually follows as the law of the case, that the state had no authority, under the constitution and statute mentioned, to delay the trial of the prisoner, as has been done. The views of the majority of the court upon the motion to dismiss are contrary, however, to those I entertain, and, according to the views I entertain in that case, the prisoner would have no right to discharge under this proceeding. On that ground alone I can concur in the determination announced in this case.