GENERAL ELECTRIC COMPANY, APPELLANT, *v.* BLACK
ET AL., RESPONDENTS.

[Submitted January 13, 1897.  Decided January 18, 1897.]

*Action on Assigned Account—Pleadings—Instructions.*

PLEADINGS—*Issue.*—Plaintiff brought suit to collect of the defendants, trustees of the Bozeman Light Co., an account claimed to be due from that company to the Thompson-Houston Electric Co., and to have been assigned to plaintiff on November 20th. 1889. The answer denied the assignment of the account to plaintiff, alleged that the account was assigned to a corporation other than plaintiff on the 24th day of March, 1890, and alleged payment to have been made to that corporation prior to the commencement of the suit; the replication denied all of the allegations in the answer. Verdict for the defendant. *Held,* that the only material issue in the case was whether or not the account had been assigned as alleged in the answer; and that an instruction confining the inquiry of the jury to that issue was correct.
PRATICE—*Records.*—The practice of incumbering a record with immaterial matter and numerous assignments of error which are not relied upon, is commented upon by the court.

*Appeal from District Court, Gallatin County; F. K. Armstrong, Judge.*

ACTION by the General Electric Company against M. M. Black, W. M. Nevitt, and Rosa G. Black, on an account. From a judgment in favor of the defendants, plaintiff appeals. Affirmed.

Statement of facts by the justice delivering the opinion.

This suit was brought by the plaintiff to collect of the defendants, who are the trustees of the Bozeman Electric Light Company, an account which it is alleged was due and owing from the Bozeman Electric Light Company to the Thomson-Houston Electric Company on the 20th day of November, 1889, and which it is alleged the Thomson-Houston Electric Company assigned to the plaintiff company on the 1st day of November, 1894; recovery being sought in this case against the trustees of the Bozeman Electric Light Company on account of their failure to file a statement of the condition of said company, as required by the statutes of Montana. The

answer of the defendant denies the indebtedness of the Boze-
man Electric Light Company to the Thomson-Houston Elec-
tric Company sued for, and avers that all the indebtedness
which said Bozeman Electric Light Company ever owed to the
Thomson-Houston Electric Company had been fully paid be-
fore the commencement of this suit. The answer also denies
that the Thomson-Houston Company, for value, or otherwise,
ever sold or assigned the account sued on to the plaintiff com-
pany. The answer affirmatively alleges that the account sued
on was transferred and assigned by the Thomson-Houston
Electric Company to the Northwest Thomson-Houston Elec-
tric Company on or about the 24th day of March, 1890, and
that on or about the 6th of April, 1891, the Bozeman Electric
Light Company fully paid off and discharged the account sued
on to the Northwest Thomson-Houston Electric Company,
which was the owner and assignee of said account The evi-
dence that payment of the account sued on was made to the
Thomson-Houston Electric Company as alleged is not contra-
dicted, nor is it contended by the plaintiff that the account
was ever reassigned to the Thompson-Houston Electric Com-
pany. The replication of the plaintiff denies payment of the
account, and also denies that the account was ever assigned by
the Thomson Houston Electric Company to the Northwest
Thomson-Houston Electric Company. The case was tried to
a jury, who rendered a verdict for the defendants. on which
verdict the court rendered judgment. The plaintiff appeals
from the judgment and the order denying a new trial.

*Luce & Luce,* for Appellant.

*Toole & Wallace,* for Respondents.

PEMBERTON, C. J.—The appellant contends that the only
issue tried in the court below was as to whether the account
in suit had been paid, and that the court, at the close of the
evidence, erroneously took this question from the jury, and,
by instructions, confined and limited the jury to the question
as to whether the Thomson-Houston Electric Company had as-

signed the account to the Northwest Thomson-Houston Electric Company, as alleged in the answer before suit. We think this contention is not supported by the record. The question as to whether the assignment of the account had been made by the Thomson-Houston Electric Company to the Northwest Thompson-Houston Electric Company before suit was a very material issue tried in the lower court. The evidence of the bookkeepers of the Thomson-Houston Electric Company and of the Northwest Thomson-Houston Electric Company was introduced, and by this evidence it appears from the books of both these companies that the account sued on had been assigned as alleged in the answer of defendants. If it be conceded that the assignment was so made, then the question of payment of the account became immaterial, although it is not disputed that payment was made to the Northwest Thomson-Houston Electric Company; for, if the account had been assigned as alleged in the answer, then this plaintiff company, which claims the account was assigned to it in 1894, long after its assignor had parted with its title to the account, acquired no title thereto by its alleged assignment. We think the evidence set up in the answer sufficient to support the verdict. We think the only material question to be determined at the trial below was as to whether the account was assigned, as alleged in the answer, before suit. And we see no error in the action of the court in confining the inquiry of the jury to that one issue by the instruction given, which we think was correct, as declaring the law applicable to the facts and pleadings in the case.

We cannot close this opinion without noticing what we consider a reprehensible practice, as disclosed by the record. As we view the case, there is but one material question presented by the record. That we have treated above. But there are 100 assignments of error contained in the record. We are utterly amazed that counsel occupying a prominent and enviable place in the ranks of the profession should feel called upon to so incumber a record with useless and immaterial matter and assignments. It is a profitless labor to them. It entails

labor and hardship upon this court, that can find no reason
able excuse, besides entailing unnecessary expense upon liti-
gants.    This practice is so common that we feel it our duty to
thus protest against it.    Let our strictures be understood as
applying to this practice generally, and not specially to the
re.ord and counsel in this case.    The judgment and order ap
pealed from are affirmed.

*Affirmed.*

HUNT and BUCK, JJ., concur.